■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD I. POWELL and DOVEN REALTY CORP., Appellants.— Appeal by defendants from a judgment of the Supreme Court, Kings County, rendered September 6, 1963 after a jury trial, convicting them of grand larceny in the first degree and of the violation of section 932 of the Penal Law, and imposing sentence. Judgment reversed on the law and the facts and a new trial granted. The first count of the indictment charged defendants with the crime of grand larceny in the first degree, in that they stole $25,500 from the complainants by means of false and fraudulent representations that a certain house was constructed in accordance with the filed plans and specifications therefor and in accordance with the applicable law, rules and regulations. The second count charged defendants with the crime of obtaining property by false pretenses in violation of section 932 of the Penal Law, in that, by means of the same false representations, they obtained complainants' signatures to an agreement for an extension of mortgage. Defendants were found guilty on both counts of the indictment. The indictment arose out of the sale to complainants by defendant corporation of a two-family house at a price of $26,500. The individual defendant was an officer and stockholder of defendant corporation. Concededly, and to defendants' knowledge, the house did not conform with the plans and specifications, in that a certain area drain which, under the plans was required to be connected to a dry well, was connected instead to the sanitary sewer in violation of the Administrative Code of the City of New York. There was also proof, which could be accepted by the jury, that the individual defendant made the misrepresentations alleged in the indictment. We are of the opinion, nevertheless, that reversal and a new trial are required because of the trial court's failure adequately to instruct the jury that the false representations must have been made with the criminal intent to defraud. Such intent is an essential element of both the crime of larceny by false pretenses (cf. *People* v. *Kirkup*, 4 N Y 2d 209, 213; *People* v. *Whitney*, 146 App. Div. 98, 100) and the crime of obtaining property by false pretenses in violation of section 932 of the Penal Law (cf. *People* v. *Pierce*, 218 App. Div. 254; *Brown* v. *People*, 16 Hun 535, 537). We are also of the opinion that, in any event, with respect to the conviction upon the first count of the indictment, reversal of the judgment as to such conviction is required because of the People's failure to establish the value of the property out of which complainants were defrauded, as charged in that count. To constitute larceny, the

property taken must be of some value (cf. *People* v. *Otis*, 235 N. Y. 421, 423; *People* v. *Malatek*, 2 A D 2d 683); and, under the circumstances of this case, it is our view that the People were required to show that the house purchased by complainants, as burdened by the illegal drain connection, had a value which was less than the amount they had paid for it. That difference would be the value of the property which was the subject of the larceny alleged; and there was no proof from which such value could be determined. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.