■ EDWARD KURIANSKY, as Deputy Attorney-General for Medicaid Fraud Control, et al., Appellants, v PROFESSIONAL CARE, INC., Respondent, et al., Defendants.—Casey, J. P. ■

Defendant Professional Care, Inc. (hereinafter PCI) was indicted for grand larceny in the second degree and other crimes. The grand larceny charge was based on defendant's Medicaid reimbursement in the amount of $1,821,693 to which it was allegedly not entitled. At trial, following the People's case, PCI, through its attorney, withdrew its prior plea of not guilty and entered a plea of guilty to 11 of the 14 counts charged in the indictment. The plea bargain required restitution by PCI in the amount of $1,000,000. In the allocution, County Court asked the attorney if it was agreed that PCI received money to which it was not entitled in that amount. The attorney replied that he agreed that the evidence adduced at trial indicated that "there was a sum of $354,633.85, of which $160,785.33 was evidently obtained by falsifying certain records" and that PCI agreed to pay restitution in the amount of $1,000,000; that it would not contest that amount as far as Albany County was concerned; and that it waived a hearing to determine the exact amount. In response to the court's question, the attorney further agreed that the property wrongfully obtained was in excess of $1,500.

At sentencing, the prosecution stated that PCI, by agreeing to restitution in the amount of $1,000,000, set the amount that the prosecution would have obtained if a hearing had been held. The attorney who appeared at sentencing on behalf of PCI was not the same attorney who appeared at the time of the plea. The attorney for sentencing stated that he disagreed with the prosecution's statement and credited only the statement made by the previous attorney at the time of the plea.

The instant action, which is the basis of this appeal, was commenced after the indictment, but before trial. As relevant, pursuant to CPLR article 13-A, this action seeks forfeiture of the moneys improperly received by PCI in the amount of $1,821,693 which is the amount alleged in the indictment, and also seeks treble damages pursuant to Social Services Law § 145-b. Motions and cross motions were made and were disposed of largely by agreement of the parties. The issue which remains concerns plaintiffs' motion for partial summary judgment regarding the amount of $1,000,000 agreed to be paid by the PCI at the time of the plea which, if trebled pursuant to Social Services Law § 145-b, amounts to $3,000,000. Following the making of the motion PCI paid $1,000,000.

Plaintiffs then sought entry of a judgment in the amount of the remaining $2,000,000.

Supreme Court determined that PCI paid an amount of restitution greater than the amount of actual damages established by the prosecution at trial so that the payment of $1,000,000 was a voluntary payment pursuant to Penal Law § 60.27 (5) (a) and not restitution, and that the only admission made at the time of the plea was that PCI wrongfully received money in excess of $1,500. Accordingly, Supreme Court denied plaintiffs' motion for partial summary judgment.

Plaintiffs argue on appeal that PCI was on notice that the State intended to treat the plea bargain as an admission of the amount of damages in the civil action, since the motion for summary judgment was made after the guilty plea and before sentencing; that the amount of $1,000,000, being less than the amount of $1,821,693 claimed as loss in the indictment, clearly indicates that the amount of $1,000,000 was intended as restitution; and that such amount was agreed to by PCI as such in the plea allocution. At sentencing the prosecutor again recited that PCI had agreed to the entry of an order of restitution against it in the amount of $1,000,000 and this statement was unchallenged. Plaintiffs contend, therefore, that PCI is collaterally estopped by its criminal conviction from contending that the damages were less than $1,000,000.

In order to invoke the doctrine of collateral estoppel "the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" *(Kaufman v Lilly & Co.,* 65 NY2d 449, 455). A plea of guilty, even a *Serrano* plea in which a defendant's version differs from the crime charged but he chooses not to contest the underlying facts *(see, People v Serrano,* 15 NY2d 304), can have collateral estoppel effect *(Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495). PCI's plea here was in the nature of a *Serrano* plea, since PCI refused to admit that the manager of its Albany office was acting within the scope of her authority when the records were falsified, but did admit that it was possible for the jury to find on the evidence presented by the People that she was in fact acting within the scope of her authority. In any event PCI, as part of its negotiated plea, voluntarily agreed to pay $1,000,000 in restitution. It is, therefore, bound by its plea *(see, State of New York v Britt,* 141 AD2d 911), which obviates the necessity of a hearing to

determine the amount of restitution, especially since the agreed-upon amount is less than the amount charged in the indictment *(see, People v Raffiani,* 83 AD2d 650) and PCI has not attempted to show that it did not benefit to the extent of the agreed-upon amount of $1,000,000 *(see, People v Palella,* 148 AD2d 838, *lv denied* 74 NY2d 795).

PCI contends that it agreed to pay $1,000,000 in restitution plus a $250,000 fine because that seemed an appropriate penalty for the wrongful acts committed by its employee. Thus, according to PCI, the $1,000,000 was merely a voluntary amount it agreed to pay, and not restitution of the fruits of the offense. PCI relies on Penal Law § 60.27 (5), but there is no provision therein for the voluntary payment of restitution in excess of the fruits of the crime. Rather, the statute fixes a $10,000 limit on restitution in felony cases "[e]xcept upon consent of the defendant" (Penal Law § 60.27 [5] [a]), and it also authorizes the court to impose restitution in excess of the limit, but not to exceed the return of the victim's property plus actually incurred medical costs (Penal Law § 60.27 [5] [b]). Notwithstanding PCI's claim on appeal and its equivocation during the plea, PCI agreed to restitution in the amount of $1,000,000, and "[r]estitution is the return of all the fruits of a crime" *(People v White,* 119 AD2d 708, 709; *see,* Penal Law § 60.27 [1]). Having agreed to restitution of $1,000,000, PCI cannot now claim that its payment was something other than the restitution provided for in Penal Law § 60.27.

The plea and conviction establish conclusively the facts underlying the civil action based on the same transaction, and PCI is estopped from denying the facts underlying its conviction of larceny in the second degree and from relitigating those facts in any future proceeding *(see, S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 304-305). The same established facts also establish a violation of Social Services Law § 145-b *(see, State of New York v Britt, supra),* and inasmuch as the amount of restitution was agreed upon here, plaintiffs are entitled to summary judgment in the amount of $2,000,000.

Order reversed, on the law, with costs, motion granted and plaintiffs are awarded summary judgment against defendant Professional Care, Inc. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.