*In re Joan C. KELLY, Debtor.*

**The STATE OF NEW YORK, Plaintiff,**

v.

**Joan C. KELLY, Defendant.**

**Bankruptcy No. 92 B 21674.**
**No. 92–5405A.**

United States Bankruptcy Court, S.D. New York.

June 9, 1993.

**76**

Edward J. Kuriansky, Sp. Prosecutor for Medicaid Fraud Control, Civ. Div., Laurence J. Iacueo, Sp. Asst. Atty. Gen., New York City, for State of N.Y.

Joseph B. Hirschfield, White Plains, NY, for debtor.

*DECISION ON MOTION FOR SUMMARY JUDGMENT*

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The State of New York ("State") has moved for summary judgment in the adversary proceeding that it filed against Joan Kelly, the Chapter 7 debtor, to declare its claim nondischargeable under 11 U.S.C. §§ 523(a)(4) and (7). In support of its motion, the State argues that there are no material facts in dispute. The State's claim, which is comprised of a judgment of restitution and treble damages, arises from the debtor's conviction of larceny in a criminal proceeding. The State asserts that the portion of its claim which was incurred through the debtor's larceny is nondischargeable as a matter of law because the debtor is estopped from relitigating the issue of her guilt. The State also argues that it is entitled to treble damages from the debtor under New York State law and that these damages are nondischargeable because they represent a fine or a penalty.

The debtor opposes the State's motion. The debtor asserts that the principal amount of the State's claim should not be declared nondischargeable because the state court verdict finding her guilty of larceny is not preclusive as she has appealed her conviction. The debtor further argues that the State's claim for treble damages should be excepted from discharge because it does not represent a fine or penalty but is punitive in nature.

*FACTUAL BACKGROUND*

The debtor filed with this court a voluntary petition for reorganizational relief under Chapter 11 of the United States Bankruptcy Code on August 25, 1992. The case was converted to a case under Chapter 7 of the United States Bankruptcy Code on March 19, 1993, on the motion of the United States Trustee. The debtor is the owner and manager of Kelly Kare Ltd. ("Kelly Kare"), a provider of nursing services. Kelly Kare was formerly authorized by the State to provide nursing services to individ-

uals in the State's Medicaid program. Pursuant to the Medicaid program, the State defrays the cost of providing necessary medical care and services to those eligible. The State's Department of Social Services licenses and supervises Medicaid providers such as Kelly Kare.

On May 22, 1991, the debtor was indicted for the crime of grand larceny of $1,095,-355.64 from the State's Medicaid program. The debtor was charged with submitting false statements to the Department of Social Services for the purpose of inducing payments. The State also filed a civil action against the debtor seeking recovery of the overpayments. On December 10, 1992, Kelly was convicted, after a jury trial in the Supreme Court of the State of New York, County of Westchester, of the felonies of grand larceny, offering false instruments for filing, and the unauthorized practice of a profession. Kelly was sentenced on April 27, 1993 to a minimum of three years and a maximum of nine years in a state prison and was ordered to pay restitution of $1,095,355.64 to the State. A judgment of restitution in this amount was entered by the court. The debtor appealed her conviction and execution of the sentence has been stayed pending the determination of her appeal.

On November 23, 1992, the State filed a proof of claim in this case for $4,520,-000.00. The claim represents the amount which the State alleges that the debtor fraudulently obtained from the Medicaid program plus treble damages which the State asserts that it is entitled to under New York Social Services Law § 145–b. Subsequently, the State filed an adversary proceeding objecting to the dischargeability of its debt.

The State has moved for summary judgment of this adversary proceeding. In support of its motion, the State argues that there are no material facts in issue. The State argues that, according to the undisputed facts of this case, its claim against the debtor should be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(4) and (7). The State asserts that $1,095,-355.64 of its claim is nondischargeable un-

der 11 U.S.C. § 523(a)(4) because Kelly was convicted of stealing this amount. The State argues that the debtor's conviction of grand larceny should be afforded preclusive effect in this proceeding. The State also contends that its claim for treble damages of $3,286,066.92 is nondischargeable under 11 U.S.C. § 523(a)(7) because it represents a fine payable to a governmental unit.

The debtor opposes the State's motion. The debtor asserts that the State's claim for reimbursement should not be declared nondischargeable because she is appealing the guilty verdict. She argues that she is not collaterally estopped from relitigating the issue of her guilt for the reason that the State court judgment which reflected her conviction is not final because an appeal is pending. The debtor also contends that the portion of the State's claim which represents treble damages is dischargeable under prevailing case law because the damages are punitive in nature.

### DISCUSSION

The debtor has moved for summary judgment under Federal Rule of Civil Procedure 56, which is made applicable to this proceeding by Bankruptcy Rule 7056. In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1363, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by mak-

ing a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511.

### Dischargeability of Claim for Stolen Funds

■ The State argues that its claim for $1,095,355.64, which represents restitution of the stolen funds, is nondischargeable under 11 U.S.C. § 523(a)(4) which excepts from discharge debts which are incurred as a result of larceny. Larceny is proven, for nondischargeability purposes, by a showing that the debtor has willfully taken property with fraudulent intent. *In re Rose,* 934 F.2d 901 (7th Cir.1991). This court must determine whether the debtor is collaterally estopped from relitigating the issue of her guilt. If the state court verdict is binding on this action, the plaintiff's motion with respect to the restitution award will be granted.

■ The doctrine of collateral estoppel applies when a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment. That determination is conclusive between the same parties, or their privies, in a subsequent suit on a different cause of action. *Restatement (Second) of Judgments* § 17(3) (1980). The Second Circuit utilizes a two-tiered test in determining whether collateral estoppel is applicable: (1) The issues in the two proceedings must be identical, and (2) The party sought to be estopped must have had a full and fair opportunity to contest the prior determination. *C.H. Sanders Co. v. BHAP Housing Dev. Fund Co., Inc.,* 903 F.2d 114, 121 (2d Cir. 1990), *reh'g denied,* 910 F.2d 33 (2d Cir. 1990).

In this case, both aspects of the test have been satisfied. The central issue to this proceeding is identical to the issue in the prior proceeding. In both instances, the question was whether the debtor committed larceny. The debtor, the party that is to be estopped, had a full and fair opportunity in the state court proceeding to contest her guilt. Furthermore, it is well settled that a criminal conviction constitutes estoppel in a subsequent civil proceeding as to those matters determined by a judgment in the criminal case. *United States v. Podell,* 572 F.2d 31, 35 (2d Cir.1978); *In re Jardula,* 122 B.R. 649, 654 (Bankr.E.D.N.Y.1990). Accordingly, the debtor is collaterally estopped from relitigating before this court the issue of whether she committed larceny.

■ The court rejects the debtor's argument that the State's motion should be denied for the reason that the prior judgment is not complete because she has appealed her conviction. Collateral estoppel may be applied when the prior judgment is on appeal. For purposes of issue preclusion, a " 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Restatement (Second) of Judgments,* § 13 (1980).

■ Under New York State Criminal Procedure Law "a judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of sentence." N.Y.Crim.Proc.Law § 1.20(15) (McKinney 1981). In this case, the debtor was convicted of grand larceny on December 10, 1992, and her sentence was imposed and entered on April 27, 1993. Accordingly, the judgment of conviction against the debtor is sufficiently firm to be given preclusive effect. The pending appeal should not delay the disposition of this action. However, should the debtor prevail on her appeal, she may move to vacate an order entered by this court with respect to the nondischargeability of the debt. *See In re Grim,* 104 B.R. 486, 488 (Bank.S.D.Fla. 1989); *In re Dunn,* 95 B.R. 414, 418 (Bankr.N.D.Miss.1988).

### Dischargeability of Claim for Treble Damages

■ The State also argues that the portion of its claim which constitutes treble damages should be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(7), which provides that a debt is excepted from discharge "to the extent such debt is for a fine, penalty, or forfeiture payable to and

for the benefit of a governmental unit, and is not compensation for actual pecuniary loss. . . ." The State is entitled to treble damages under New York's Social Services Law § 149–b which provides that the State may recover from those who unlawfully obtain funds from the estate three times the amount stolen. As a result of the debtor's conviction of grand larceny from the State's Medicare program, the State is entitled to a judgment against the debtor for treble damages. *See Kuriansky v. Professional Care, Inc.*, 158 A.D.2d 897, 551 N.Y.S.2d 695 (3d Dept.), *leave to appeal denied*, 75 N.Y.2d 991, 557 N.Y.S.2d 306, 556 N.E.2d 1113 (1990) (a criminal restitution order establishes the defendant's minimum civil liability, and summary judgment for treble that amount may be granted under New York State Social Services Law § 145–b). The debtor does not dispute that the State is entitled to treble damages pursuant to New York Social Services Law § 149–b. However, the debtor argues that the State's claim for treble damages is dischargeable. Accordingly, this court must decide whether, as a matter of law, the State's claim for treble damages is a dischargeable debt.

The Supreme Court, in discussing 11 U.S.C. § 523(a)(7) stated, in pertinent part, as follows:

> On its face, it [Section 523(a)(7)] creates a broad exception for all penal sanctions, whether they be denominated fines, penalties or forfeitures. Congress included two qualifying phrases; the fines must be both "to and for the benefit of a governmental unit", and "not compensation for actual pecuniary loss."

*Kelly v. Robinson*, 479 U.S. 36, 51, 107 S.Ct. 353, 362, 93 L.Ed.2d 216, 230 (1986). The treble damages in this case fall within the broad exception to discharge under 11 U.S.C. § 523(a)(7). The treble damages are payable to a state, a governmental unit as defined under 11 U.S.C. § 101(27). They do not represent compensation for monetary loss as the judgment of restitution entered by the state court provides for compensation for the State's actual pecuniary loss. Manifestly, they constitute a civil fine or a penalty. As a civil penalty, the

State's claim for treble damages is automatically nondischargeable. *See In re Taite* 76 B.R. 764, 769 (Bankr.C.D.Cal. 1987).

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

2. Under the doctrine of collateral estoppel, the State has established the nondischargeability of the portion of its debt which was incurred through larceny pursuant to 11 U.S.C. § 523(a)(4). Therefore, the State's motion for summary judgment is granted and its debt for $1,095,335.64 is excepted from the debtor's discharge.

3. Under the doctrine of collateral estoppel, the State has established the nondischargeability of the portion of its claim which represents treble damages pursuant to 11 U.S.C. § 523(a)(7). Accordingly, the State's motion for summary judgment to except from discharge the State's claim for treble damages is granted and its debt for $3,286,066.92 is nondischargeable.

SETTLE ORDER on notice.