In re Abraham I. SOKOL, Debtor.

The STATE OF NEW YORK, Plaintiff–Appellant,

v.

Abraham I. SOKOL, Defendant–Appellee.

94 Civ. 7372 (HB).
Bankr. No. 94 B 40195 (SMB).

United States District Court,
S.D. New York.

Feb. 28, 1995.

Edward J. Kuriansky, Sp. Prosecutor for Medicaid Fraud Control, New York City (Elizabeth T. Bogren, Sp. Asst. Atty. Gen., of counsel), for plaintiff-appellant.

Abraham Sokol, M.D., Scarsdale, NY, pro se.

### OPINION AND ORDER

BAER, District Judge:

This appeal arises from an adversary proceeding brought by New York State's Special Prosecutor for Medicaid Fraud Control ("the State") to have debts owed by defendant Abraham I. Sokol, M.D. ("Sokol") declared nondischargeable. In 1992 a New York State Supreme Court jury convicted Sokol after a lengthy trial of violating N.Y. Penal Law § 155.40, grand larceny in the second degree (theft of over $50,000), based on fraudulent Medicaid billings. Affidavit of Elizabeth T. Bogren, sworn to July 11, 1994, submitted in support of the State's July 11, 1994 motion for summary judgment ("Bogren Aff."), ¶ 5. At sentencing, the court found that Sokol and his co-defendants' theft from the State exceeded $1.25 million. Bogren Aff. ¶ 6; Ex. 6 at 40–42, 51. After summarizing the evidence showing that Sokol himself had taken $222,255, the court ordered Sokol to make restitution for that amount. *Id.;*

Ex. 6 at 52–53. As New York law specifically permits, the court entered a civil judgment in favor of the State based on the restitution order. N.Y.Crim.Pro.L. § 420.10(6); Bogren Aff.; Ex. 7.

In the instant adversary proceeding, the State sought an order declaring this restitution judgment nondischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(7). The State also sought an order declaring its claim for treble damages under N.Y. Social Services Law Section 145–b, asserted in a pending civil action, nondischargeable under 11 U.S.C. §§ 523(a)–(4) and 523(a)(7). *Kuriansky v. Sokol,* Westchester County Index No. 07600/91; *see* Bogren Aff. ¶ 8; Ex. 8.

By decision dated August 9, 1994 (as amended August 11, 1994), U.S. Bankruptcy Judge Stuart M. Bernstein granted the State's motion for summary judgment as to the restitution judgment, holding that Sokol's conviction and the restitution judgment were entitled to full faith and credit, and that the restitution judgment was nondischargeable under both 11 U.S.C. § 523(a)(7), because it was imposed as a part of a criminal sentence, and 11 U.S.C. § 523(a)(4), because it arose from a larceny by fraud. *New York v. Sokol,* 170 B.R. 556, 559–61 (Bankr.S.D.N.Y.1994). The Bankruptcy Court also declared the State's treble damages claim nondischargeable under 11 U.S.C. § 523(a)(7), but declined to determine the *amount* of the claim, stating that because Sokol had requested but not received a restitution hearing in State court,

> it [was] not clear that the parties ever actually litigated the amount of the compensatory damages to which the State was entitled under § 145–b by virtue of Sokol's larceny. Because the parties never actually litigated this issue, collateral estoppel does not apply to the *amount* of the State's claim.

*Sokol, supra,* 170 B.R. at 561 (emphasis in original). Judgment was entered August 22, 1994. Sokol filed a notice of appeal, but failed to perfect his appeal within the time permitted. I denied Sokol's request for an extension of his time to perfect his appeal. The State cross-appealed by notice dated August 29, 1994.

## Discussion

### A. Collateral Estoppel

■ Collateral estoppel bars the relitigation of issues decided in an earlier proceeding when four conditions are met: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated and decided; (3) the parties must have had a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits. *Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 44 (2d Cir.1986). Here, Judge Bernstein did not liquidate the State's treble damages claim because he felt that the amount of Sokol's theft had not been actually litigated.

■ This Court reviews a bankruptcy court's findings of fact under a "clearly erroneous" standard. Fed.R.Bankr.P. 8013. A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (citing *United States v. Yellow Cab Co.,* 338 U.S. 338, 342, 70 S.Ct. 177, 179, 94 L.Ed. 150 (1949)). I have thoroughly reviewed the record and conclude that Judge Bernstein's finding was not clearly erroneous. The record on appeal supports his finding that the amount of the restitution judgment was not litigated in the State criminal proceeding. The jury verdict established only that Sokol was "guilty of taking money, somewhere between 50,000 to under a million dollars." Bogren Aff. ¶ 6; Ex. 6 at 38. The State only presented evidence of the amount of Sokol's theft at sentencing. That hardly constitutes "litigating" the issue.

The State, citing *Kuriansky v. PCI, Inc.,* 158 A.D.2d 897, 551 N.Y.S.2d 695, 697 (3d Dep't.1990) and *New York v. Kelly,* 155 B.R.

75, 79 (Bankr.S.D.N.Y.1993), argues that a restitution judgment in a larceny case establishes the minimum amount of the theft, and that the Section 145–b treble damages liability follows automatically as a matter of law. In *PCI,* defendant pled guilty to larceny in the second degree based on false filings for Medicaid reimbursement and agreed to pay $1 million in restitution. The State then filed a civil action seeking treble damages under Section 145–b, and argued that the plea agreement stipulated that the amount of the theft was $1 million. The Appellate Division agreed, and granted summary judgment on the State's claim for treble damages. That case is inapposite. PCI could not relitigate its liability because it expressly stipulated to the amount of its theft. Sokol and the State entered into no such stipulation.

In *Kelly,* the debtor was convicted of grand larceny of over $1 million from the State's Medicaid program, and had to pay $1,095,355.64 in restitution. After the debtor filed for bankruptcy, the State sought a declaration that the restitution judgment, plus treble damages under Section 145–b, was nondischargeable. The debtor in *Kelly* did not argue that the amount of her theft had not been actually litigated, but focused her defense on the collateral estoppel effect of a judgment under appeal. The bankruptcy court, relying in part on *PCI,* held that the State's claim was nondischargeable and liquidated the treble damages claim under Section 145–b. The result in *Kelly* cannot determine the outcome here. The application of collateral estoppel necessarily involves a factual determination of whether the issue sought to be precluded was actually litigated. Because the *Kelly* court liquidated the treble damages claim, it implicitly determined that the amount of the debtor's theft had been actually litigated—otherwise, the court could not have invoked collateral estoppel. A court's determination of which issues have been actually litigated in a given case is unique to the facts and parties in the particular controversy. In this case, the record amply supports Judge Bernstein's conclusion that the amount of Sokol's theft was not actually litigated.

Judge Bernstein's application of collateral estoppel comports with the requirements of Section 145–b. That statute provides that "the state shall have a right to recover civil damages equal to three times *the amount by which any figure is falsely overstated ...*" (emphasis added). This language implies that the specific amount of the defendant's theft must be determined, a task which necessarily implies that the issue be litigated (barring, of course, a stipulation as to that amount as in *PCI* ). Judge Bernstein found that this had not been done here. Because I cannot conclude that his assessment was clearly erroneous, collateral estoppel cannot bar litigation over the amount of Sokol's debt.

### B. Sokol's Double Jeopardy Defense

 Sokol claims that his Constitutional right against double jeopardy under the Fifth Amendment bars the State's treble damages claim. This argument must await litigation of the amount of Dr. Sokol's theft. The prohibition of double jeopardy does not *per se* bar the imposition of civil and criminal sanctions for the same conduct. *United States v. Halper,* 490 U.S. 435, 449, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989); *see also Harvey–Cook v. Steel,* 124 A.D.2d 709, 508 N.Y.S.2d 220, 221 (2d Dep't.1986); *Harvey–Cook v. Miroff,* 130 A.D.2d 621, 515 N.Y.S.2d 551, 551 (2d Dep't.1987). Nonetheless, the Double Jeopardy Clause would protect Sokol from a civil sanction so extreme that it is not rationally related to the remedial goal of making the Government whole, but rather constitutes further punishment. *Halper,* 490 U.S. at 451, 109 S.Ct. at 1903.

 Social Services Law Section 145–b expressly states that the treble damages are intended as a civil remedy, and that they are remedial in nature. Moreover, treble damages may be rationally related to the goal of compensating the State for its losses. The Court in *Halper* noted that measurement of the Government's damages will often be imprecise, and will involve an element of "rough justice," 490 U.S. at 450, 109 S.Ct. at 1902, because the government's injury includes "not merely the amount of the fraud itself, but also ancillary costs, such as the costs of

detection and investigation, that routinely attend the Government's efforts to root out deceptive practices directed at the public purse." *Id.* at 445, 109 S.Ct. at 1900. The Court further noted in *Halper* that "in the ordinary case fixed-penalty-plus-double-damages provisions can be said to do no more than make the Government whole." *Id.* at 449, 109 S.Ct. at 1902. Thus, although civil treble damage awards imposed for conduct already punished in a criminal proceeding are not *per se* unconstitutional, I cannot determine whether application of Section 145–b in this case will be constitutional. That determination must await the litigation of the amount of Sokol's theft and the imposition of a treble damages penalty against him.

Sokol argues that because the federal government has sued him under the Civil Monetary Penalties Law, 42 U.S.C. § 1320a–7a, New York State may not pursue its treble damages claim because the second proceeding would constitute double jeopardy. This argument ignores the well-settled dual sovereignty doctrine, which holds that a defendant who violates the peace and dignity of two separate sovereigns in a single act which breaks the law of each commits two distinct offenses for double jeopardy purposes. *Heath v. Alabama,* 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387 (1985) (citing *United States v. Lanza,* 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922)). The United State's power to proceed against Sokol in a criminal or civil matter for a violation of its laws is no defense to this adversary proceeding.

Sokol also attacks his State criminal conviction, over which I have no jurisdiction. I have examined Sokol's miscellaneous arguments and find them to be without merit.

### CONCLUSION

For the foregoing reasons I affirm the decision of the Bankruptcy Court in its entirety.

**SO ORDERED.**