■ State of New York, Appellant, v Marshall Stokols, Respondent. [652 NYS2d 7] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered March 3, 1995, which, to the extent appealed from, denied that part of the State's motion seeking summary judgment on its cause of action for treble damages pursuant to Social Services Law § 145-b (based upon the judgment of the Supreme Court, Bronx County [Steven L. Barrett, J.], rendered August 13, 1993, convicting defendant, after a jury trial, of grand larceny in the third degree and directing him to pay $50,000 in restitution to the State), unanimously reversed to the extent appealed from, on the law, without costs, and that part of the motion granted to the extent of awarding the State the sum of $150,000.

Defendant's conviction and the court's sentence ordering defendant to pay $50,000 in restitution, which amount was not only not contested but was agreed to by defendant, collaterally estops him from contesting, in this civil action, the accuracy of the restitution amount as reflecting the amount of the fruits of

the offense (Penal Law § 60.27 [1]; *see, Kuriansky v Professional Care,* 158 AD2d 897; *People v Palella,* 148 AD2d 838, *lv denied* 74 NY2d 795). As recently held by the Court of Appeals, a defendant may concede the facts necessary to establish the amount of restitution and, where there is such a concession, the court may base its finding on the amount of restitution thereon without the necessity of a hearing (*People v Consalvo,* 89 NY2d 140).

In seeking summary judgment, the State, although entitled by statute to treble damages, sought only $100,000, thus offsetting the amount paid in restitution, which is in accord with several holdings by the Second Department (*Harvey-Cook v Miroff,* 130 AD2d 621, *lv denied* 70 NY2d 616; *Harvey-Cook v Steel,* 124 AD2d 709, *appeal dismissed* 70 NY2d 746). Penal Law § 60.27 (6) provides that "[a]ny payment made as restitution or reparation pursuant to this section shall not limit, preclude or impair any liability for damages in any civil action or proceeding for an amount *in excess* of such payment" (emphasis added). The Second Department apparently construes the phrase "in excess" as meaning that the restitution paid must be deducted from any subsequent civil award. However, Social Services Law § 145-b (2) provides that in a case of Medicaid fraud, such as this, the State "shall have a right to recover civil damages equal to three times the amount by which any figure is falsely overstated * * * The remedy provided by this subdivision shall be *in addition* to any other remedy provided by law." (Emphasis added.)

Thus, not only can "in excess" also mean "in addition to," regardless of the amount paid in restitution, but the clear language of the Social Services Law and the Legislature's presumed knowledge of the Penal Law's provision for restitution, requires that treble damages should be "in addition to" any amount imposed as restitution in a criminal proceeding.

Finally, although the State did not seek $150,000 from the IAS Court, it does so on appeal and this Court can search the record and grant summary judgment to a non-moving party (*Carr v Perl Assocs.,* 201 AD2d 296, 297; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111). Concur—Sullivan, J. P., Rosenberger, Kupferman, Williams and Andrias, JJ.