In re David F. LaROCHE, Debtor.

**RHODE ISLAND DEPOSITORS ECONOMIC PROTECTION CORPORATION, Plaintiff,**

v.

**David F. LaROCHE, Defendant.**

**Bankruptcy No. 91–10005.
Adv. Nos. 94–1237, 94–1238.**

United States Bankruptcy Court,
D. Rhode Island.

April 18, 1997.

Mal A. Salvadore, Providence, RI, for David F. LaRoche.

Richard Mittleman, Cameron & Mittleman, Providence, RI, for Rhode Island Depositors Economic Protection Corp.

### ORDER DENYING DEBTOR'S MOTION FOR CONTINUANCE AND/OR STAY, AND GRANTING DEPCO'S MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court are the Motion of Rhode Island Depositors Economic Protection Corporation ("DEPCO") for Summary Judgment, and the Debtor/Defendant's Motion for Continuance and/or Stay. In this adversary proceeding DEPCO requests that its claim be declared nondischargeable on the grounds that: (1) the Debtor's state court criminal conviction binds this Court under the doctrine of collateral estoppel; and (2) the state court order of restitution is nondischargeable under 11 U.S.C. § 523(a)(7). The Debtor argues that summary judgment is premature, and requests a stay of these proceedings because he "shall be filing a motion for a new trial in the Superior Court of the State of Rhode Island to overturn his criminal conviction." He also argues that damages cannot yet be assessed because the state court restitution order is not final, in light of the Trial Judge's comment that the amount of restitution will be subject to further hearing in the state court. For the reason discussed below, we reject the Debtor's request for stay, and grant DEPCO's Motion for Summary Judgment.

#### BACKGROUND

During the pendency of this bankruptcy case David LaRoche was charged in the State Court in an eight count criminal indictment, with three counts of obtaining money under false pretenses and five counts of conspiring to obtain money under false pretenses, i.e., "[h]e had been charged by indictment with having defrauded two Rhode Island credit unions by using other parties as frontmen to take out loans in their names from the credit union institutions from which LaRoche had previously borrowed funds and had all but exhausted his personal borrowing limits." *State v. LaRoche,* 683 A.2d 989, 991 (R.I.1996). After a state court trial in which the Debtor testified on his own behalf, the jury returned a verdict of guilty on two counts of obtaining money by false pretenses and three counts of conspiracy to obtain money by false pretenses. The Trial Judge sentenced Mr. LaRoche to concurrent five year terms on the false pretense counts and a consecutive five year term on the conspiracy counts. LaRoche was also ordered to pay restitution as follows: "$1,137,493.88 being an amount borrowed from Rhode Island Central Credit Union; and an amount of $2,955,477.39 involved in the Davisville Credit Union." The Judge stated "[n]ow, I'm going to use those figures as a starting point and require that you make restitution, being given credit for whatever amounts have already been paid, whatever amounts have already been applied as a result of sale of assets which were securities for these loans." *See* Exhibit 6 to DEPCO's Memorandum in Support of Summary Judgment, at 38. On September 10, 1996, the Rhode Island Supreme Court affirmed the conviction of the Debtor as to all counts. *See LaRoche,* 683 A.2d 989.

#### DISCUSSION

[S]ummary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). As to issues on which the movant, at trial, would be obligated to carry the burden of proof, he initially must proffer materials of evidentiary or quasi-evidentiary quality ... that support his position.... When the summary judgment record is complete, all reasonable inferences from the facts must be drawn in the manner most favorable to the nonmovant.... This means, of course, that summary judgment is inappropriate if infer-

ences are necessary for the judgment and those inferences are not mandated by the record.

*Desmond v. Varrasso (In re Varrasso),* 37 F.3d 760, 763 (1st Cir.1994) (citations omitted) (footnote omitted). Here, the only unfinished business regarding the restitution order is the precise amount the Debtor will be required to pay after liquidation of his assets. The pendency of that item does not preclude summary judgment on the issue of dischargeability. *See First Fed. Sav. & Loan Ass'n v. Kelley (In re Kelley),* 163 B.R. 27, 33 (Bankr.E.D.N.Y.1993) (the fact that a debt is unliquidated does not preclude a court from determining whether it is nondischargeable); *see also New York v. Sokol (In re Sokol),* 170 B.R. 556, 561 (Bankr.S.D.N.Y. 1994), *aff'd* 181 B.R. 27 (S.D.N.Y.1995) (determining that state's claim of restitution is nondischargeable but holding that collateral estoppel did not apply to the amount of the claim as that issue was never actually litigated).

■ Section 523(a)(7) exempts from discharge a debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit," and "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *Kelly v. Robinson,* 479 U.S. 36, 50, 107 S.Ct. 353, 361, 93 L.Ed.2d 216 (1986). We agree with DEPCO's contention that the state court restitution order is nondischargeable under 11 U.S.C. § 523(a)(7). Accordingly, although judgment may not enter for a specific amount at this time, we do rule now that Mr. LaRoche's liability for the debt in question survives the bankruptcy.

■ DEPCO also seeks to have its debt declared nondischargeable pursuant to § 523(a)(2)(A), on collateral estoppel grounds. It is clear that "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *Grogan v. Garner,* 498 U.S. 279, 284, n. 11, 111 S.Ct. 654, 658, n. 11, 112 L.Ed.2d 755 (1991).

[C]ollateral estoppel, or issue preclusion, bars relitigation of any factual or legal issue that was actually decided in previous litigation 'between the parties, whether on the same or a different claim.' ... When there is an identity of the parties in subsequent actions, a party must establish four essential elements for a successful application of issue preclusion to the later action: 1. the issue sought to be precluded must be the same as that involved in the prior action; 2. the issue must have been actually litigated; 3. the issue must have been determined by a valid and binding final judgment; and 4. the determination of the issue must have been essential to the judgment.

*Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30 (1st Cir.1994). Section 523(a)(2)(A) exempts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by ... false pretenses, a false representation, or actual fraud...." In considering the preclusive effect of state court judgments, federal courts must as a matter of full faith and credit apply the forum state's law of collateral estoppel. *In re McNallen,* 62 F.3d 619 (4th Cir.1995).

In *Four Queens Enter., Inc. v. Forbes (In re Forbes),* 191 B.R. 510 (Bankr.D.R.I.1996), we discussed the elements necessary to render a claim nondischargeable under 11 U.S.C. § 523(a)(2)(A):

[T]he creditor must prove that: '(1) the debtor obtained property [or services] by means of a knowingly false representation or one made in reckless disregard of its truthfulness; (2) the debtor intended to deceive the creditor; (3) the creditor actually relied on the misrepresentation....' See Commerce Bank & Trust Co. v. Burgess (In re Burgess), 955 F.2d 134, 140 (1st Cir.1992). See also McCallion v. Lane (In re Lane), 937 F.2d 694 (1st Cir.1991), aff'd, 50 F.3d 1 (1st Cir.1995); Springfield Inst. for Sav. v. Parker (In re Parker), 59 B.R. 721 (Bankr.D.Mass.1986); Federal Deposit Ins. Corp. v. Bombard (In re Bombard), 59 B.R. 952 (Bankr.D.Mass.1986).

Very recently, the United States Supreme Court in the case of *Field v. Mans,* —— U.S. ——, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), discussed reliance as follows: '§ 523(a)(2)(A) requires *justifiable,* but not *reasonable,* reliance.' (Emphasis added.)

*Id.* at ——, 116 S.Ct. at 446. And, while the reasonableness of the reliance is not irrelevant, 'the greater the distance between the reliance claimed and the limits of the reasonable, the greater the doubt about the reliance in fact.' *Id.* at ——, 116 S.Ct. at 446.... The *Field* decision lessens the Plaintiff's burden from what it was previously. Additionally, the required elements need only be established by a preponderance of the evidence—not the prior clear and convincing standard. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Citibank, N.A. v. Williams (In re Williams),* 159 B.R. 648, 660 (Bankr.D.R.I.1993), *remanded on other grounds,* 190 B.R. 728 (D.R.I.1996).

*Forbes,* 191 B.R. at 516–517.

We agree with DEPCO's contention that:

Based on the instruction given by the Trial Justice the Jury found the Debtor guilty of obtaining money under false pretenses beyond a reasonable doubt. In reaching its verdict, the Jury *necessarily* found that the Defendant obtained money through an intentional misrepresentation made to and reasonably relied upon by the credit unions. The Jury also found beyond a reasonable doubt that Debtor unlawfully combined with others to obtain money under false pretenses on each of the loans at issue in this nondischargeability action. The Jury found that Debtor engaged in a common plan or course of action to commit the crime of obtaining money under false pretenses.

The Jury verdict in the criminal trial affirmed by the Rhode Island Supreme Court necessarily took into account the elements essential to the non-dischargeability action: (1) Debtor's knowingly false representation; (2) the intention to deceive the creditor; and, (3) justifiable reliance on the representation all as shown by the Trial Justice's charge. Additionally the Jury was instructed on the more stringent *reasonable reliance* standard rather than the less burdensome *justifiable reliance* standard enunciated by the Supreme Court in *Field v. Mans, supra.*

Because the elements of proof of the non-dischargeability complaint have been adjudicated in the criminal trial, the doctrine of collateral estoppel applies. The issues are identical, have been fully litigated in the prior proceeding and have been determined by the Jury and affirmed by the Supreme Court. A final judgment on the merits has resulted and the party against whom the doctrine is sought to be enforced, the Debtor, is the same. *E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance, supra* [635 A.2d 1181 (R.I. 1994) ].

This case is particularly susceptible to application of the doctrine of collateral estoppel. All issues were determined by the Jury on the heaviest burden of proof imposed in our jurisprudence—proof of guilt beyond a reasonable doubt. Additionally, Debtor elected to take the witness stand in his own defense and relate to the jury his own version of the events giving rise to the charges. His testimony consumed four trial days.

Debtor has had more than his day in court on these issues. The extensive record of testimony, exhibits, the Judge's charge and unanimous affirmation by the Rhode Island Supreme Court joined with the prosecution's heavy burden of proof renders this matter fully adjudicated. The Debtor is precluded from re-litigating these issues in the bankruptcy forum.

Memorandum in Support of Plaintiff's Motion for Summary Judgment, at 20–21. We find that the four elements set forth in *Grella, supra,* have clearly been satisfied and that summary judgment based upon collateral estoppel is appropriate here. Additionally, we find that all of the elements necessary to prove this debt nondischargeable under § 523(a)(2)(A) have been conclusively established in the criminal case, by a far more demanding burden of proof than the one in this proceeding.

Accordingly, based on the record in the State Court, and as we are bound to apply the bankruptcy law in light of that record, DEPCO's Motion for Summary Judgment is GRANTED, and the debt owed to DEPCO is determined to be nondischargeable. Because the amount of the debt is as yet unliquidated, we may not enter judgment at this time for a sum certain. *See In re Kelley,* 163

B.R. at 33. In this regard, the parties are jointly ordered to report to this Court, within 30 days, the status of the State Court restitution issue.

■ Finally, the Debtor's request for a continuance and/or stay is without merit and is DENIED. See *Silva v. Silva*, 122 R.I. 178, 404 A.2d 829, 832 (1979) ("[a] judgment may be given res judicata effect even though that judgment is subject to an appeal"); *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189, 61 S.Ct. 513, 515, 85 L.Ed. 725, *reh'g. denied*, 313 U.S. 598, 61 S.Ct. 840, 85 L.Ed. 1550 (1941) ("in the federal courts the general rule has long been recognized that while appeal with proper supersedeas stays execution of the judgment, it does not—until and unless reversed—detract from its decisiveness and finality").[1]

Enter Judgment consistent with this order.

---

1. On January 22, 1997, the Defendant filed an unsolicited Supplemental Brief in Opposition to Summary Judgment, arguing that the Bankruptcy Court must abstain because: (1) the amount of restitution has not yet been fully determined; and (2) the conviction may be overturned if his motion for a new trial, which is not yet filed with the state court, is granted. The Defendant's supplemental arguments for abstention are meritless and unpersuasive, as they were in his original papers. Additionally, on March 13, 1997 a Second Supplemental Brief was filed by the Defendant indicating that an application for post conviction relief was filed in Superior Court as well as a request to conduct discovery. Nothing in the Defendant's most recent unsolicited and unauthorized filing changes the result.