■ In the Matter of the Claim of Francisco M. Fierro, Appellant. Commissioner of Labor, Respondent. [915 NYS2d 692]—

Lathinen, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 9, 2009, which, upon reconsideration, among other things, charged claimant with a recoverable overpayment of unemployment insurance benefits.

The Commissioner of Labor determined that claimant received a recoverable overpayment of unemployment insurance benefits in the amount of $13,804 (see Labor Law § 597 [4]). The facts underlying the overpayment resulted in a criminal charge, and claimant pleaded guilty to grand larceny in the fourth degree. He was sentenced to probation and ordered to pay monthly restitution of $426. In April 2008, while still owing $7,890 in restitution, claimant made a motion in New York City Criminal Court to reduce the amount of his monthly restitution payments. The court stated to him that if he served 90 days in jail, "then his obligations to the state [would] be extinguished." Claimant pleaded guilty and served the jail sentence. After his release, claimant received a letter from the Department of Labor informing him that it was resuming collection on his outstanding overpayment. Upon claimant's request, the Unemployment Insurance Appeal Board reopened the case and, after hearings were held, ultimately ruled against claimant. The Board initially stated in its decision that it did not have jurisdiction since claimant was not contesting the validity of an initial determination, but the Board nevertheless went on to address the merits and held that claimant's civil liability for the overpayment had not been extinguished by the criminal matter. Claimant appeals.

We affirm. Although claimant was relieved of his obligation to make any additional criminal restitution payments, this did not foreclose the Department from exercising its right to seek civil compensation for the amount still due on the overpayment (see Penal Law § 60.27 [6]; City of New York v College Point Sports Assn., Inc., 61 AD3d 33, 44-47 [2009]; State of New York v Stokols, 234 AD2d 222, 222-223 [1996]; Kuriansky v Professional Care, 158 AD2d 897, 900 [1990]).

Peters, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.