**In re Felix BURGOS, Debtor**

No. 00–51245.

United States Bankruptcy Court,
D. Connecticut.

June 27, 2001.

Felix Burgos, Bridgeport, Debtor, pro se.

Russell D. Liskov, Bridgeport, for the City of Bridgeport.

## ORDER ON APPLICABILITY OF AUTOMATIC STAY

ALAN H. W. SHIFF, Chief Judge.

### BACKGROUND

On September 27, 2000, a judgment entered in the Superior Court of Connecticut, granting a Summary Process Execution for Possession of 1312 State Street, Bridgeport, Connecticut (the "property"), in favor of the West End Community Development Corporation, an agency of the City of Bridgeport, and against "Iglesia Christiana" [*sic* ] and "John Doe a/k/a Felix Burgos" (the "debtor"). *See unmarked exhibit attached to the debtor's November 1, 2000 memorandum of law.* Since there was no appeal, the state court judgment is final and entitled to preclusive effect. *State of New York v. Sokol (In re Sokol)* 113 F.3d 303, 306 (2nd Cir.1997).

The debtor has acknowledged on the record that no valid lease authorized his occupancy of the premises, which he used as a church. *See Tape of June 11 hearing at 3:22:03.* Accordingly, his status was that of a squatter. *Morrocco v. Toretto,* , 1996 WL 383439, *4 (Conn.Super.1996); *Adams v. Philadelphia Housing Authority (In re Bowens)* 94 B.R. 838, 845 (Bankr. E.D.Pa.1989).

The eviction corresponding to the judgment was executed on October 10, 2000 at 8:30 a.m. The debtor, *pro se,* filed this chapter 11 petition at 9:33 a.m. the same day. At a June 11, 2001 hearing to show cause why this court should not abstain, the City claimed that the eviction ordered by the state court had been completed. Thus, the issue here is whether the auto-

matic stay, *see* 11 U.S.C. § 362, nullified the eviction.

### DISCUSSION

■ The debtor appears to argue that the automatic stay is effective on the date rather than at the time on the day a petition is filed. Neither the statute nor case law support that contention. The automatic stay provides in relevant part:

(a) ... a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose *before* the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained *before* the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; ...

(6) any act to collect, assess, or recover a claim against the debtor that arose *before* the commencement of a case under this title;

. . . .

11 U.S.C. § 362 (West 2001) (emphasis added).

At the outset, it is observed that § 362(a)(1), (2) and (6) relate to prepetition causes of action. Subsection (3) relates to property of the estate. But there is no

property of the estate until the case is commenced. *See* § 541. *See, e.g., International Heritage, Inc. v. Gilbert, et al. (In re International Heritage, Inc.)*, 239 B.R. 306, 309 (Bankr.E.D.N.C.1999) (the automatic stay is prospective, and "goes into effect immediately upon the *filing* of a bankruptcy petition.")(emphasis added). *See also Clayton v. King, et al. (In re Clayton)*, 235 B.R. 801, 806 (Bankr. M.D.N.C.1998). The automatic stay was therefore not in effect at the time the debtor was evicted because the eviction preceded the filing of his bankruptcy petition.

■ The question remains whether the debtor is entitled to some other equitable relief. *See, e.g.,* § 105(a). *See also, Katahdin Federal Credit Union v. Jamo (In re Jamo)*, 262 B.R. 159, 166 (1st Cir. BAP 2001) ("a bankruptcy court may invoke section 105(a) only if the equitable remedy utilized is demonstrably necessary to preserve a right elsewhere provided in the Code"). In order to be entitled to equitable relief under § 105(a), the debtor would have to show that the equities lie in his favor. The record demonstrates that they do not.

The summary process which issued in the state court on October 4, 2000, was served on the debtor by the Fairfield County Sheriff's Department on Friday, October 6, 2000 at 8:45 a.m. At that time, the sheriff notified the debtor that he would return on Tuesday, October 10, 2000 at 8:30 a.m., to execute the eviction. *See* § 47a–42, Connecticut General Statutes (West 2001). The debtor informed the sheriff that he intended to file a bankruptcy petition, and he then returned to the housing court, which advised him that he could file a writ of *audita querela*.[1] When the sheriff returned on October 10, notices had been posted on the property asserting

---

**1.** The writ permits a judgment debtor to "[seek] a rehearing of a matter on [equitable]

that it was "under protection of bankruptcy," although no bankruptcy petition had been filed at that time. *Tape of June 11 hearing at 3:15:22.* As noted, the debtor filed his chapter 11 petition at 9:33 a.m. on October 10, 2000.

The debtor had the opportunity to file a bankruptcy petition on October 6, when this courthouse was open.[2] Even assuming the City had an obligation to inquire whether the debtor had in fact filed a bankruptcy petition prior to executing the eviction, the City would have learned that no such petition had been filed. Since he could have filed a timely bankruptcy petition after the state of Connecticut had ruled against him, there is no reason the automatic stay should be modified under § 105(a).

Accordingly, his motion to enforce the automatic stay is DENIED, and it is SO ORDERED.

---

grounds of newly discovered evidence or newly existing legal defenses." BLACK'S LAW DICTIONARY, 7TH ED. (West, 1999).

**2.** The debtor correctly identifies October 9, 2000 as a federal holiday.