**In re Shane REED, Debtor.**

**No. 05–20565.**

United States Bankruptcy Court, D. Connecticut.

June 10, 2005.

Glen Rosenberg, Esq., Maniscalco & Rosenberg, Enfield, CT, for Debtor.

Anthony S. Novak, Esq., Chorches & Novak, P.C., Wethersfield, CT, for trustee.

### MEMORANDUM OF DECISION

KRECHEVSKY, Bankruptcy Judge.

### I.

The matter before the court is a Chapter 7 trustee's "Objection to Debtor's Claim of Exemption" ("the objection") involving the debtor's asserted homestead exemption in realty in which he did not live. The parties have submitted the matter on briefs alone, and the following background is based upon the briefs and the debtor's filed bankruptcy petition, as amended ("the petition").

### II.

Shane Reed ("the debtor") filed the petition on March 3, 2005 at 9:49 A.M.[1] with the clerk of the bankruptcy court. In the petition, the debtor listed a one-half interest in realty known as 7 Penfield Avenue, Ellington, Connecticut ("the realty"). The petition, in amended Schedule C, claims an exemption in the realty, pursuant to Bankruptcy Code § 522(d)(1), in the amount of $16,000.[2] The petition lists the debtor's residence address as 46 Beech Road, Enfield, Connecticut, and indicates his "wife" owns the other one-half interest in the realty.

The debtor's wife, Jennifer A. Reed, ("Jennifer"), on October 27, 2004, had instituted, pro se, a marriage dissolution action in the Connecticut Superior Court ("the state court"). She listed her address as 7 Penfield Avenue, Ellington, Connecticut. The debtor appeared pro se in that action. After the filing of the petition, the debtor, together with Jennifer, proceeded to the state court where they executed and filed a "Dissolution of Marriage Agreement" ("the Agreement"), dated March 3, 2005. The Agreement, in ¶ 9, entitled "As To Division Of Property", stated: "Shane will receive half the equity in the amount of $16,000.00 in the home located at 7 Penfield Ave. no sooner than November 1, 2005." The state court, thereupon, entered a judgment which dissolved the marriage.

### III.

Anthony S. Novak, Esq., the trustee of the debtor's estate ("the trustee"), on April 5, 2005, filed his objection to the debtor's

---

1. According to the petition, the debtor and his attorney executed the petition on February 25, 2005.

2. In amended Schedule A, the petition states the full value of the realty to be $189,000, subject to two mortgages totaling $155,589.80. Both amended Schedules A and C were filed subsequent to the trustee's objection. See Fed. R. Bank. P. 1009(a). (Petition "may be amended by the debtor as a matter of course at any time before the case is closed.")

claim of exemptions, asserting that the debtor is not "eligible" to exempt the realty "as said real estate is not the principal residence of the debtor." (Objection at 2). In his brief, the trustee further argues that the failure of the debtor to disclose his entitlement "to a $16,000 property settlement from his ex-wife" should be cause for the court to deny the debtor the claimed exemption. (Trustee's Brief at 6).

The debtor's brief emphasizes the state-court marriage dissolution judgment came *after* the filing of the bankruptcy petition; that Jennifer, at the time of the filing of the bankruptcy petition, qualified as the debtor's dependent residing in the realty, and that "the property settlement is not property of the estate." (Debtor's Brief at 3).

### IV.

Bankruptcy Code § 522(d)(1), in relevant part, provides:

The following property may be exempted ...

(1) the debtor's aggregate interest, not to exceed $18,450 in value, in real property ... that the debtor or a dependent of the debtor uses as a residence ....

Section 522(a)(1) defines: "dependent" to include a "spouse, whether or not actually dependent."

Section 301 states: "A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of the title constitutes an order for relief under such chapter."

### V.

■ Bankruptcy Code provisions become effective upon the filing of a petition—that is, at the time on the day that the petition is filed. *Cf. In re Burgos,* 263 B.R. 698 (Bankr.D.Conn.2001) (Shiff, J.). (Automatic stay became effective on the time of day petition filed). Accordingly, when the debtor filed his petition, the debtor was then entitled to an exemption in the realty, as Jennifer qualified as a dependent, whether or not actually a dependent, who used the realty as a residence.

The court interprets ¶ 9 of the Agreement to mean that the debtor is to receive $16,000 when he conveys his one-half interest in the realty to Jennifer. This is not a basis to deny the debtor his claimed exemption.

### VI.

The trustee's objection is without foundation and is hereby overruled. It is SO ORDERED.

### *JUDGMENT*

The court, having issued a Memorandum of Decision of even date, it is

ORDERED and ADJUDGED that the trustee's objection to the debtor's claim of exemption in real property located at 7 Penfield Avenue, Ellington, Connecticut be overruled.