■ THOMAS LANZANO et al., Appellants, v CITY OF NEW YORK, Respondent. [609 NYS2d 891] —Judgment, Supreme Court, New York County (Robert D. Lippmann, J.), entered May 13, 1993, which granted the motion by defendant City of New York ("the City") for summary judgment pursuant to CPLR

3212 dismissing the plaintiffs' complaint as precluded by res judicata and collateral estoppel and which denied the plaintiffs' cross motion seeking the imposition of sanctions as against the City, unanimously affirmed, without costs.

The underlying action, sought monetary damages for the alleged fraudulent concealment by the City of a disabling spinal injury sustained by plaintiff Thomas Lanzano on January 27, 1977 as the result of a fall during the course of his employment by the City as a laborer for the Department of Sanitation. The IAS Court held that the action was barred by the doctrines of res judicata and collateral estoppel as a result of a judgment, rendered after a jury trial, in the negligence action previously brought by the plaintiffs against the City, for back injuries sustained solely as a result of a line of duty accident on February 20, 1980, which judgment has been affirmed on appeal by both this Court and the Court of Appeals (*Matter of Lanzano v City of New York,* 127 AD2d 1015, *affd* 71 NY2d 208, *rearg denied* 71 NY2d 890).

It is well settled, under the transactional analysis approach adopted by this State in deciding res judicata issues, that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse,* 54 NY2d 353, 357). The doctrine of collateral estoppel similarly bars relitigation where there is an identity of issue which has necessarily been decided, although not actually litigated, in the prior action which is decisive of the present action and where the party seeking to defeat the application of the doctrine, the plaintiffs herein, have had a full and fair opportunity to contest the decision now said to be controlling (*Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 456).

Plaintiff Thomas Lanzano's entire medical history from 1977 until his retirement in 1981, had been presented to a jury in the prior action, which, after a lengthy trial, rendered a $200,000 award in plaintiffs' favor. Plaintiffs cannot avoid the preclusive effect of res judicata and collateral estoppel by merely proffering, in their second action, an alternative legal theory of recovery predicated upon the same foundation and series of transactions and seeking the same relief as in their prior action (*Smith v Russell Sage Coll.,* 54 NY2d 185, 192, 193).

In any event, since the plaintiffs elected in the prior action to proceed on the theory that the permanent back injury

incurred in the course of the plaintiff's employment by the City first manifested itself as a result of the accident in 1980, rather than the one in 1977, and since the plaintiff specifically testified at trial that he suffered no back pain or any limitation of his activities as a result of the 1977 accident, the doctrine of judicial estoppel against inconsistent positions, which precludes a party from framing his pleadings in a manner inconsistent with a position taken in a prior proceeding, also warrants preclusion of plaintiffs' newly raised contention that the disability arose before 1980 *(Karasik v Bird,* 104 AD2d 758).

We have reviewed the plaintiffs' remaining claims and find them to be without merit. Concur—Sullivan, J. P., Wallach, Rubin and Nardelli, JJ.