### In re Felix BURGOS, Debtor

No. 00–51245.

United States Bankruptcy Court, D. Connecticut.

June 19, 2003.

---

Felix Burgos, Bridgeport, CT, pro se.

Russell D. Liskov, Bridgeport, CT, for the City of Bridgeport.

### ORDER ON REMAND

ALAN H. W. SHIFF, Chief Judge.

October 28, 2002, the District Court affirmed this court's finding that the automatic stay in this case became effective at the time the petition was filed,

rather than on the date of the filing as the debtor asserted. *See In re Burgos,* Case No. 3:01cv1443 (D.Conn.), slip op. at 2. The District Court remanded the decision for a clarification of this court's conclusion regarding the scope and preclusive effect of the state court judgment which resulted in the debtor's eviction.[1] For the reasons that follow, the state court judgment is entitled to preclusive effect under Connecticut law.

### BACKGROUND

On September 27, 2000, a judgment entered in the Superior Court of Connecticut, granting a summary process execution for possession of 1312 State Street, Bridgeport, Connecticut (the "property"), in favor of the West End Community Development Corporation, an agency of the City of Bridgeport (the "City"), and against "Iglesia Christiana" [*sic*] and "John Doe a/k/a Felix Burgos." *See unmarked exhibit attached to the debtor's November 1, 2000 memorandum of law.* The eviction corresponding to the judgment was executed on October 10, 2000 at *8:30 a.m.* The debtor, *pro se,* filed this chapter 11 petition on the same day at *9:33 a.m.*[2]

1. It is noted that the debtor's appeal was dismissed on December 9, 2001, reopened on January 2, 2002, and again dismissed as moot on September 2, 2002. The District Court granted the debtor's motion for reconsideration and construed the debtor's underlying claim as one for damages for a willful violation of the automatic stay.

Section 362(h) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." But even if there had been a post-petition violation of the automatic stay, there is nothing in the record to suggest that such violation was willful. To the contrary, the City was acting on authority of a prepetition state court judgment. Further, the instant eviction and subsequent demolition of the property were arguably actions

that were excepted from the automatic stay. *See* § 362(b)(4), which authorizes governmental units to exercise police or regulatory power. *Board of Governors of the Federal Reserve v. MCorp Financial, Inc. (In re MCorp),* 502 U.S. 32, 33, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991). A government agency's exercise of its eminent domain power may fall under the § 362(b)(4) exception when it is done in the furtherance of public health, safety or welfare. *See e.g., In re PMI–DVW Real Estate Holdings, L.L.P.,* 240 B.R. 24, 30 (Bankr. D.Ariz.1999). Here, the record discloses that the West End Community Development Corporation was specifically created by the City of Bridgeport for the purpose of "contributing to the economic welfare of the municipality." *Debtor's June 11, 2001 memorandum of law* at Exhibit 1.

2. At a June 11, 2001 hearing to show cause why this court should not abstain, the City

On October 13, 2000, the debtor filed a motion to enforce the automatic stay.[3] On June 27, 2001, after several motions, continuances, and four hearings, this court determined that the automatic stay provided in the bankruptcy code did not apply retroactively to nullify the prepetition eviction of the debtor. Parenthetically, it is noted that the debtor admitted that his occupancy of the premises, which he used as a church, was unauthorized. *June 11, 2001 hearing record* at 3:22:03. Accordingly, it was determined that his status was that of a squatter. *June 27, 2001 Order* at 1–2. The debtor appealed.

The District Court affirmed the June 27, 2001 order as to the factual findings, *Ruling on Motion for Reconsideration, slip op.* at 2, concluding that the automatic stay became effective at the moment the petition was filed, *i.e.*, after the eviction had occurred ("the relevant time ... is thus indicated by the time stamp on the bankruptcy petition," *id.* at 3) and therefore had "no bearing on the validity of the *execution* of the order of eviction." *Id.* at 3. (emphasis added). The District Court nonetheless remanded the case for a clarification of "validity of the state court judgment ordering eviction" since that issue "is central to a determination of whether the automatic stay was in effect at the time the owner entered the property." *Id.* at 4–5.[4]

## DISCUSSION

*Preclusive effect under Connecticut law* [5]

 A copy of the state court record, which was filed by the debtor in this case,

claimed that the eviction ordered by the state court had been completed.

**3.** 11 U.S.C § 362(a) provides:
Except as provided in subsection (b) of this section, a petition filed under section 301... of this title ... operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate ....

**4.** The debtor's attempt to challenge in this court the validity and finality of the state court ordered eviction, *see, e.g., June 11, 2001 hearing record* at 2:50–3:06, is unavailing. Apart from the fact that this is not a court of appeals for state court proceedings, *see Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2nd

Cir.2002) (under the *Rooker–Feldman* doctrine, subject to certain exceptions, "lower federal courts [generally] lack subject matter jurisdiction over claims that effectively challenge state court judgments"), as noted, the focus of the proceeding here is the applicability of the automatic stay in the context of an eviction that preceded bankruptcy. While the automatic stay would have operated to protect the debtor from post-petition conduct prohibited by § 362, the debtor offered no evidence of any such post-petition violation. Indeed, he opposed the City's request for an evidentiary hearing. *See* Docket Nos. 5 and 15.

**5.** In reaching the determination that the Connecticut judgment, which entered against the debtor for failure to prosecute, was entitled to preclusive effect, this court relied on *State of New York v. Sokol (In re Sokol)*, 113 F.3d 303 (2nd Cir.1997). In its ruling on remand, the District Court observed that *Sokol* involved the application of the "more deferential New York law of collateral estoppel." However, the Connecticut law of collateral estoppel similarly recognizes that

although not every default judgment should have the same preclusive effect as an actual adjudication ..., in the interest of judicial economy and repose for litigants, we envi-

*see debtor's June 11, 2001 memorandum of law,* discloses that the following events. The City filed an August 17, 2000 notice to quit and an August 29, 2000 complaint[6] which alleged that it had acquired the property by eminent domain. *Transcript of October 24, 2000 hearing* at 4 and *debtor's June 11, 2001 memorandum of law* at Exhibit 2. The debtor responded by filing a September 12, 2000 request for exemption, but the motion was denied for failure to prosecute. *See debtor's June 11, 2001 memorandum of law* at Exhibit 6. The state court record also discloses that the debtor failed to file an answer to the complaint. A September 27, 2000 default and judgment for possession entered against the debtor and in favor of the City, and a writ of execution issued on October 4, 2000, *id.,* which was satisfied by an October 10 eviction. A state court docket entry dated October 11, 2000, reflects the debtor's post-state court judgment, post-eviction, and post-bankruptcy petition request for a writ of *audita querela.*[7] *See also June 11, 2001 hearing record* at 3:19. The debtor abandoned that attempted equitable judicial review.

Based on the debtor's participation in those proceedings, *see Roberti,* n. 5, it is apparent the debtor had a full and fair opportunity to answer the City's complaint and defend his claim that the eminent domain proceeding was flawed and that he neglected to do so. Therefore, under the authority of *Whipple, id.,* the judgment of eviction was entitled to preclusive effect under the Connecticut law of collateral estoppel.

Accordingly, the debtor's claim for damages arising from an alleged violation of the automatic stay is denied and it is SO ORDERED.

---

sion some circumstances where it would be appropriate to give issue preclusive effect to a default judgment. We have previously noted ... that the appropriate inquiry ... is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding ... Had there been a full and fair opportunity to litigate issues and such issues were necessary to a default judgment, that judgment should put to rest subsequent litigation of all issues necessary for the rendering of the default judgment. *In re Roberti,* 201 B.R. 614, 618 (Bankr. D.Conn.1996) (quoting *Jackson v. R.G. Whipple, Inc.,* 225 Conn. 705, 717–18, 627 A.2d 374 (1993)) (internal citations omitted).

6. The Superior Court docket disclosed that the complaint was filed on September 6, 2000.

7. The writ permits a judgment defendant to "[seek] a rehearing of a matter on [equitable] grounds of newly discovered evidence or newly existing legal defenses." BLACK'S LAW DICTIONARY, 7TH ED (West, 1999).