■ GORDON JACQUES KAHN et al., Appellants, v JEFFREY D. TAUB et al., Respondents, et al., Defendants. [849 NYS2d 522]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered September 12, 2006, which granted the motion of defendants Jeffrey D. Taub, Meyer Greenawalt, and Taub & Wild, LLP (the Taub defendants) for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Plaintiffs allege, inter alia, legal malpractice stemming from the Taub defendants' representation of them in a real estate transaction in which they were the purchasers. Although they could have interposed their claims as cross claims in a prior action in which they and the Taub defendants were codefendants, they were not required to do so either by rule (*see* CPLR 3011)

or by the doctrines of collateral estoppel and res judicata. The only issue litigated in the prior action, in which tenants of the premises purchased by plaintiffs herein alleged that they had a valid right of first refusal to purchase the premises, was whether the tenants could enforce that purported right. While plaintiffs' claims of legal malpractice and violations of the Code of Professional Responsibility and the Judiciary Law arose from the sale of the premises, they relate solely to the legal representation plaintiffs received and whether their attorney and his law firm were negligent or unethical in the handling of the matter due to an alleged conflict of interest. There is no identity of issue that was necessarily decided in the prior action and is decisive of the instant action, as is required to invoke collateral estoppel; nor do plaintiffs' claims arise solely from the single transaction that was at issue in the prior litigation, as is required to bar the instant litigation on res judicata grounds (*see Lanzano v City of New York*, 202 AD2d 378, 379 [1994], *lv denied* 83 NY2d 760 [1994]). Concur—Lippman, P.J., Buckley, Gonzalez and Sweeny, JJ.