18-2699-cv
*Carmen Garcia v. Yonkers Bd. of Educ.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of  February, two thousand twenty.

PRESENT:   DENNIS JACOBS,
           GUIDO CALABRESI,
           DENNY CHIN,
                     *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CARMEN GARCIA,
                     *Plaintiff-Appellant*,


        -v-                                          18-2699-cv

YONKERS BOARD of EDUCATION,
                     *Defendant-Appellee*,

EDWIN QUEZADA, ANGELA ARIAS, RAFAEL
PASIAN, ANTOINE ATINKPAHOUN, RAMON
MARTINEZ,
                     *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:            CARMEN GARCIA, *pro se*, Garnerville, New
                                    York.

FOR DEFENDANT-APPELLEE:             JOANNA M. TOPPING, Abrams, Fensterman,
                                    Fensterman, Eisman, Formato, Ferrara, Wolf &
                                    Carone, LLP, White Plains, New York.


Appeal from the United States District Court for the Southern District of
New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Carmen Garcia, proceeding *pro se*, appeals from a
judgment of the district court entered August 23, 2018, dismissing with prejudice her
complaint against her former employer, defendant-appellee Yonkers Board of
Education ("YBOE"), for retaliation under Title VII of the Civil Rights Act of 1964, 42
U.S.C. §§ 2000e *et seq.*, alleging that she was brought up on disciplinary charges and
fired for complaining about sexual harassment. By opinion and order entered August
21, 2018, the district court granted summary judgment to YBOE, reasoning that Garcia
failed to present evidence from which a reasonable jury could find that retaliation was
the but-for cause of her termination.[1] We assume the parties' familiarity with the
underlying facts, the procedural history of the case, and the issues on appeal.

---

[1]      In an earlier decision, the district court dismissed all claims against the individual
defendants and all claims against YBOE except the retaliation claim. Garcia does not challenge
these earlier rulings, and thus they are not before us.

-2-

We review orders granting summary judgment *de novo* and determine whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012).

### I.    Preclusive Effect of the 3020-a Hearing

The district court properly gave preclusive effect to the N.Y Education Law § 3020-a hearing officer's findings of fact related to Garcia's classroom behavior and failure to report for duty for an entire school year. Factual findings made in a state administrative proceeding are entitled to "preclusive effect where there has been a full and fair opportunity to litigate." *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 310 (2d Cir. 2005). "[A] determination whether a full and fair hearing was provided requires consideration of the realities of the [prior] litigation." *Chartier v. Marlin Mgmt., LLC*, 202 F.3d 89, 94 (2d Cir. 2000) (alterations in original) (quoting *In re Sokol*, 113 F.3d 303, 307 (2d Cir. 1997)). We consider, *inter alia*, the following factors: "1) the nature of the forum and the importance of the claim in the prior litigation; 2) the incentive to litigate and the actual extent of litigation in the prior forum; and 3) the foreseeability of future litigation." *Id.*

Garcia was afforded a full and fair opportunity to litigate. The 3020-a hearing was a formal evidentiary hearing at which the hearing officer explained the process. Garcia was given an opportunity to testify, present evidence, and cross-

examine YBOE's witnesses. Further, the hearing concerned whether Garcia would be fired and played a significant role in the decision to terminate her. Prior to the hearing, YBOE sent her a packet with a notice that explained her rights at the hearing, including the right to be represented by counsel. The hearing officer also sent Garcia three letters stating she had the right to be represented by counsel during the proceedings. Garcia was also aware she had the ability to request union representation, and she wrote to both her local union and New York State United Teachers requesting legal representation; both declined to represent her.

Garcia also argues that the hearing officer's factual findings should not have received preclusive effect because the hearing did not address the sexual harassment incidents or her retaliation claim raised in the district court complaint. Garcia is correct that the hearing officer's legal conclusion that Garcia should be terminated is not preclusive with respect to the legal merits of Garcia's retaliation claim. *See Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 49 (2d Cir. 2014) (concluding that administrative law judge's legal conclusions had no preclusive effect on discrimination claim because the ALJ's conclusions "were guided by the particular legal framework and standards applicable" to the administrative hearings). The factual findings, however, including the determinations that Garcia failed to report to work and told a student she would "smack" him, App'x at 89, are entitled to preclusive effect. *See Matusick*, 757 F.3d at 49; *see also Burkybile*, 411 F.3d at 313 (giving 3020-a hearing officer's

-4-

factual findings preclusive effect with respect to whether plaintiff offered sufficient evidence to establish a First Amendment retaliation claim).

## II. Retaliation

The district court also properly determined, based on the preclusive effect of the 3020-a hearing, that Garcia failed to demonstrate a triable issue of fact with respect to her retaliation claim. "[A] plaintiff alleging retaliation in violation of Title VII must show that retaliation was a but-for cause of the adverse action." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013) (internal quotation marks omitted). Garcia, however, failed to present evidence from which a jury could have reasonably found that retaliation was the but-for cause of her termination. Because the 3020-a factual findings were preclusive, Garcia was estopped from challenging the findings that she failed to report for work for the entire 2012-13 school year and told a student she would "smack him." App'x at 89. Thus, YBOE offered legitimate, non-retaliatory reasons for bringing the 3020-a charges. Garcia did not offer sufficient evidence showing that these reasons were pretextual, and, indeed, the hearing officer found, after a full hearing, that the reasons were valid. Accordingly, Garcia was precluded from denying the conduct that was the basis for her termination.

\* \* \*

-5-

We have considered Garcia's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk