20-3316-cv
Stegemann v. Rensselaer County Sheriff's Office

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

Joshua G. Stegemann,

*Plaintiff-Cross-Defendant-Appellant*,

v.                                                      20-3316-cv

Rensselaer County Sheriff's Office, Rensselaer County District Attorney's Office, Jack Mahar, Air National Guard, Richard J. Sloma, Chris Clifford, Warren County Sheriff's Office, Warren County, Nathan H. York, Christopher Perilli, New York State Police, New York State Police, Sort, Dan Kiley, Fulton County Sheriff's Office, Fulton County, Berkshire County Sheriff's Office, Berkshire County, Thomas Bowler, Scott Colbert, Pittsfield Police Department, Michael Wynn, Tyrone Price, John Mazzeo, Glenn F. Decker, Glenn Civello, Massachusetts State Police Department, David Brian Foley, Berkshire County District Attorney's Office, David F. Capeless, Richard

Locke, Cellco Partnership, DBA Verizon Wireless, AT&T Mobility LLC, Rick Smith, Retired Captain of the Massachusetts State Police, FKA The Captain of The Massachusetts State Police, Michael Fynn, Frank Mastan, FKA Unknown Members of the Rensselaer County Emergency Response Team, Christopher Fumerola, FKA Unknown Members of the Rensselaer County Emergency Response Team, Anthony D'Agostino, FKA Unknown Members of the Rensselaer County Emergency Response Team, Justin Loomis, FKA Unknown Members of Fulton County Sheriffs Office Canine Team, Wayne Peters, FKA Unknown Members of Fulton County Sheriffs Office Canine Team,

*Defendants-Appellees,*\*

Rensselaer County, Patrick Russo, FKA Pat Russo, Arthur Hyde, FKA Art Hyde, Steve Wohlleber, William Webster, Shane Holcomb, Jason Robelotto, FKA J.S. Robelotto, Mark Geracitano, Sandra Blodgett, Justin Walread, Jami Panichi, Investigator, Travas McCarthy, FKA Travis McCarthy, William Scott, Dale Gero, Michelle Mason, John Stec, Robert Patterson, FKA Todd Patterson, Steve Jones, Berkshire County Drug Task Force, Derek Pyle, FKA Captain Pyle, Richard McNally, James Deas, William Roy, Investigator Film, Unknown Members of the Rensselaer County Emergency Response Team, Richard C. Giardino, Kevin Roy, as a member of the Rensselaer County Emergency Response Team, Unknown Members of Fulton County Sheriffs Office Canine Team, Mark Gorman, FKA Unknown Members of the Rensselaer County Emergency Response Team,

---

\* The Clerk of Court is directed to amend the caption as set forth above.

2

*Defendants-Cross-Defendants-Appellees*,

**Subsurface Informational Surveys, Inc.,**

*Defendant-Cross-Claimant-Appellee*,

**Michael Fynn,**

*Defendant.*

---

| | |
|---|---|
| **FOR PLAINTIFF-CROSS-DEFENDANT-APPELLANT:** | Joshua G. Stegemann, *pro se*, Ray Brook, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Stephen G. DeNigris, The DeNigris Law Firm PLLC, Albany, NY; Joseph P. Kittredge, Lorena Galvez, Rafanelli Kittredge, P.C., Acton, MA (*for* William Scott, Dale Gero, Michelle Mason, John Stec, Steve Jones, Robert Patterson, Travas McCarthy, and James Deas); |
| | Seth Schofield, Senior Appellate Counsel, for Maura Healy, Attorney General of the Commonwealth of Massachusetts, Boston, MA (*for* Scott Colbert, Thomas Bowler, Berkshire County Sheriff's Office, Berkshire County District Attorney's Office, David Capeless, Richard Locke, Berkshire County, Massachusetts State Police, Rick Smith, and David Brian Foley); |
| | Shawn F. Brousseau, Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany, NY (*for* Pittsfield Police Department, Glenn Civello, Michael Wynn, Tyrone Price, John Mazzeo, and Glenn F. Decker); |
| | Andrew B. Joseph, Faegre Drinker Biddle |

& Reath LLP, Florham Park, NJ (*for* AT&T Mobility LLC);

Christine D. Hanlon, The Law Office of Tromello & Fishman, Chicago, IL (*for* Subsurface Informational Surveys, Inc.);

Janet D. Callahan, Hancock Estabrook LLP, Syracuse, NY (*for* Cellco Partnership d/b/a Verizon Wireless);

Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, Jonathan D. Hitsous, Assistant Solicitor General, for Letitia James, Attorney General of the State of New York, Albany, NY (*for* New York Air National Guard, Chris Clifford, Dan Kiley, New York State Police, New York State Police Sort, and Richard Sloma);

John W. Bailey, Crystal R. Peck, Baily, Johnson & Peck, P.C., Albany, NY (*for* Sandra Blodgett, Anthony D'Agostino, Christopher Fumerola, Mark Geracitano, Shane Holcomb, Arthur Hyde, Investigator Film, Mark Gorman, Jack Mahar, Frank Mastan, Richard McNally, Jami Panichi, Derek Pyle, Rensselaer County, Rensselaer County Sherriff's Office, Rensselaer County District Attorney's Office, Jason Robelotto, William Roy, Kevin Roy, Patrick Russo, Justin Walread, William Webster, and Steve Wohleber).

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*; Hummel, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

4

**DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Cross-Defendant-Appellant Joshua Stegemann, proceeding *pro se*, brought various claims against several dozen defendants, including numerous law enforcement and government agencies, police officers, private entities (such as telecommunications companies), and others. He alleges, *inter alia*, that the defendants violated his Fourth, Fifth, and Fourteenth Amendment rights when a search warrant was executed at his home in April and May 2013. Specifically, Stegemann challenges the dismissal of his wiretap and excessive force claims, as well as his claims brought against defendant Subsurface Informational Surveys, Inc. ("Subsurface").

As relevant on appeal, the district court *sua sponte* dismissed Stegemann's claims concerning illegal wiretapping as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). After extensive motion practice, the district court also dismissed his Fourth Amendment excessive force and destruction of property claims against the law enforcement defendants as precluded by collateral estoppel. Subsequently, the district court granted summary judgment to defendant Subsurface—a private entity hired to conduct a survey on Stegemann's property in connection with the execution of the search warrant—on the destruction of property claims, reasoning that there was no evidence that Subsurface had caused any property destruction during the search. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to affirm.

I.      **Appellate Jurisdiction**

As an initial matter, defendant-appellee AT&T Mobility LLC[1] contends that we lack

---

[1] AT&T Mobility LLC contends that Stegemann improperly identified it as "AT&T Wireless Network" in his pleadings. The Clerk of Court is directed to amend the caption accordingly.

appellate jurisdiction because three defendants (Berkshire County Drug Task Force, Kevin Roy, and Mark Gorman) and several "cross-defendants" were not dismissed on the district court docket.[2]  We have jurisdiction over final decisions of the district court.  28 U.S.C. § 1291.  A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *In re Roman Cath. Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 35 (2d Cir. 2014) (internal quotation marks and citation omitted).  Although a separate judgment has not been entered and three defendants remain unserved, all other defendants have been dismissed. Therefore, we have jurisdiction to proceed to the merits of the appeal.  *See Leonhard v. United States*, 633 F.2d 599, 608–09 (2d Cir. 1980) (holding that "the absence of a dismissal" as to unserved defendants was "no impediment to the present appeal" of the dismissal of all of the other defendants).

## II.     Illegal Wiretap Claims

Stegemann first challenges the district court's dismissal of his illegal wiretap claims.   We conduct *de novo* review of *sua sponte* dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii), accepting well-pled factual allegations in the complaint as true and drawing all reasonable inferences in Stegemann's favor.  *See Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 125 (2d Cir. 2020).   "Further, when the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

---

[2]  The cross-defendants were the individual Rensselaer County law enforcement officers.  The claims against those officers were dismissed.  *Cf. Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 811 (2d Cir. 1979) (pre-trial settlement of original federal claim necessitated dismissal of cross-claim for indemnification).

6

The Supreme Court's decision in *Heck v. Humphrey* "precludes the use of § 1983 suits for damages that necessarily have the effect of challenging existing state or federal criminal convictions." *Poventud v. City of New York*, 750 F.3d 121, 124 (2d Cir. 2014). Under *Heck*, if a judgment in the plaintiff's favor would "necessarily imply the invalidity of his conviction or sentence," the complaint must be dismissed. 512 U.S. at 487. The bar established in *Heck* applies regardless of whether a plaintiff seeks damages or injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Stegemann contends that *Heck* cannot bar his wiretap claims because we concluded on the direct appeal of his criminal case that admission of the wiretap evidence at his trial was harmless error and that his conviction was affirmed based on the strength of the government's other evidence. *United States v. Stegemann*, 701 F. App'x 35, 38–39 (2d Cir. 2017) (summary order). In *Heck*, the Supreme Court noted that a Section 1983 suit "may lie" even if the challenged action "produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." 512 U.S. at 487 n.7. The *Heck* Court specifically pointed to the doctrine of harmless error as one reason such a claim could survive because it does not "*necessarily*" invalidate the conviction. *Id.* The governing standard for this exception is "whether a prisoner's victory in a § 1983 suit would *necessarily demonstrate* the invalidity of his conviction or sentence; that a prisoner's success might be merely helpful or *potentially* demonstrative of illegal confinement is, under this standard, irrelevant." *McKithen v. Brown*, 481 F.3d 89, 102 (2d Cir. 2007).

Stegemann is correct that, on his direct appeal of the criminal conviction, we did not address the merits of his contention that the wiretaps were illegal, but rather concluded that, even

7

if the admission of any such evidence were error, it was harmless because the government's case was otherwise strong enough to sustain his criminal conviction. *Stegemann*, 701 F. App'x at 38–39. Thus, Stegemann's pursuit of claims in this civil action based on an alleged illegal wiretap, even if successful, would not invalidate his criminal conviction.

However, Stegemann's illegal wiretap claims are still barred on a separate ground under *Heck*. More specifically, as the Supreme Court explained in *Heck*, when seeking compensatory damages for an allegedly unreasonable search while the underlying conviction still stands, a plaintiff may only recover for an injury other than the harm caused by the conviction and the imprisonment resulting therefrom. 512 U.S. at 487 n.7 ("In order to recover compensatory damages [for an illegal search claim] . . . the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." (internal citation omitted)). Here, Stegemann has not alleged any injury other than his conviction and subsequent imprisonment, which he asserts resulted from the purportedly illegal wiretap. Therefore, even though his claims regarding the wiretap may not call his conviction into question, Stegemann cannot recover any damages for these injuries unless and until his conviction, which we affirmed on direct appeal, is overturned. Accordingly, there is no basis to disturb the dismissal of his illegal wiretap claims.

### III. Excessive Force Claim

Stegemann also challenges the dismissal of his excessive force claim. First, Stegemann argues that the district court did not make a finding with respect to why his excessive force claim was barred by *Heck*. We disagree. The district court concluded that this claim was *not* barred

by *Heck* because it did not necessarily imply the invalidity of his conviction. However, the district court treated Stegemann's excessive force claim arising from the execution of the search warrant as the same as his claims asserting property damage during the search. Ultimately, the district court dismissed the destruction of property claims as barred by collateral estoppel. On appeal, Stegemann contends that his excessive force claim concerned the entry of officers onto his property and was distinct from his destruction of property claims based on the actions of the officers during the search itself, and thus the district court erred by construing the claims as the same.

Even assuming, *arguendo*, that the district court should have construed his excessive force claim as separate from the destruction of property claims, we affirm the dismissal of both claims as precluded under the doctrine of collateral estoppel. We review *de novo* the dismissal of a complaint for failure to state a claim. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[Although] a court must accept as true all of the allegations contained in a complaint," this tenet is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply New York collateral estoppel law to New York state court judgments. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005). Under New York law, the doctrine of collateral estoppel bars a party from relitigating an issue in a subsequent proceeding when "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom

9

the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Vargas v. City of New York*, 377 F.3d 200, 205–06 (2d Cir. 2004) (internal quotation marks omitted). Collateral estoppel applies only if the issue in the second action is identical to the first. *City of New York v. Welsbach Elec. Corp.*, 9 N.Y.3d 124, 128 (2007). A nonparty to the prior litigation may invoke the doctrine of collateral estoppel. *See Buechel v. Bain*, 97 N.Y.2d 295, 315–16 (2001).

Collateral estoppel applies here. First, the issues were identical. To determine if an issue is identical, New York courts apply a "functional approach[.]" *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 731 (2d Cir. 2001) (citing *Schwartz v. Pub. Adm'r. of Cnty. of Bronx*, 24 N.Y.2d 65, 73 (1969)). The test is whether the issue "has necessarily been decided in the prior action and is decisive of the present action[.]" *Schwartz*, 24 N.Y.2d at 71. It does not matter that the claim in the latter case is based on a different legal theory so long as the same underlying issue was litigated in the prior proceeding. *See Graven v. Children's Home R.T.F., Inc.*, 152 A.D.3d 1152, 1154 (N.Y. App. Div. 3d Dep't 2017).

Although Stegemann describes his claim here as an "excessive force" claim, the underlying issues are the same as the negligent destruction of property claim that he litigated previously in the New York Court of Claims. Both a Fourth Amendment claim and a state law negligent destruction of property claim involve questions of reasonableness. To determine whether a police officer's actions were reasonable under the Fourth Amendment, this court "ask[s] whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Terebesi v. Torreso*, 764 F.3d 217, 231 (2d Cir. 2014) (internal quotation marks omitted). In New York, an officer must execute a

10

search warrant "without unnecessary force or severity[,]" *Siemiasz v. Landau*, 224 A.D. 284, 285 (N.Y. App. Div. 4th Dep't 1928), and cannot act in a way that was "not reasonably necessary" to execute the search warrant and "potentially violate the Fourth Amendment[,]" *Onderdonk v. State*, 170 Misc. 2d 155, 162 (N.Y. Ct. Cl. 1996). Because reasonableness lies at the heart of both a Fourth Amendment claim and a claim under New York law, the issues are identical for collateral estoppel purposes.

Second, the issues were actually litigated. The issue of whether the defendants engaged in "excessive conduct" while executing the search warrant was litigated in the Court of Claims when the court granted the State's motion for summary judgment. The court reasoned that "there is no evidence in the record to indicate that the officers overstepped the bounds of the warrants, that they engaged in excessive conduct in entering upon claimant's property, or that their execution of the warrants was accomplished with unnecessary force or severity." *Stegemann v. State*, No. 2016-032-163 (N.Y. Ct. Cl. Jan. 3, 2017). The Court of Claims also decided the issue of whether the defendants "negligently destroyed [Stegemann's] property" in the course of executing the search warrant. *Stegemann v. State*, 163 A.D.3d 1303, 1304 (N.Y. App. Div. 3d Dep't 2018); *see also Halyalkar v. Bd. of Regents of State of N.Y.*, 72 N.Y.2d 261, 268 (1988) ("For a question to have been actually litigated . . . , it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding.").

Third, the issue was necessary to the resolution of the motion for summary judgment in the Court of Claims. As discussed above, the reasonableness of the officers' actions was necessary to determine if they negligently destroyed Stegemann's property. *See Kret by Kret v. Brookdale Hosp. Med. Ctr.*, 93 A.D.2d 449, 458–59 (N.Y. App. Div. 2d Dep't 1983) (holding that an issue

11

was necessarily decided where a decision on that issue was required to reach a verdict and a contrary decision in subsequent litigation would contradict that verdict).

Fourth, Stegemann had a full and fair opportunity to litigate this issue. "[A] determination whether a full and fair hearing was provided requires consideration of the realities of the prior litigation." *In re Sokol*, 113 F.3d 303, 307 (2d Cir. 1997) (internal quotation marks and alteration omitted) (applying New York law). "Factors to be considered include, *inter alia*: 1) the nature of the forum and the importance of the claim in the prior litigation; 2) the incentive to litigate and the actual extent of litigation in the prior forum; and 3) the foreseeability of future litigation (because of its impact on the incentive to litigate in the first proceeding)." *Id.* Here, Stegemann had an opportunity to raise a genuine issue of material fact on summary judgment in the Court of Claims. Further, he had another full and fair opportunity to litigate when he appealed the decision to the Third Department. Accordingly, the district court properly dismissed the excessive force claim as barred by collateral estoppel.

## IV. Subsurface's Motion for Summary Judgment

Finally, Stegemann challenges the district court's grant of summary judgment to Subsurface on the claims against it, which related to its alleged participation in the destruction of his property in connection with the execution of the search warrant. We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (*per curiam*). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011)

12

(quoting Fed. R. Civ. P. 56(a)).

"The general touchstone of reasonableness which governs Fourth Amendment analysis governs the method of execution of the warrant." *United States v. Ramirez*, 523 U.S. 65, 71 (1998) (internal citation omitted). "Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression." *Id.* Stegemann did not offer any evidence establishing that Subsurface destroyed any property when it conducted a ground penetrating radar ("GPR") survey. Indeed, the uncontroverted evidence in the record demonstrated that Subsurface was not hired to excavate Stegemann's property, the GPR unit rolled over the ground in a gentle manner like a baby carriage, no excavation was necessary for the survey, and Subsurface did not have the manpower or equipment to excavate the property.

Stegemann argues that there was an issue of fact regarding who conducted excavations on his property after Subsurface completed the GPR survey. However, this argument is meritless because, as the district court concluded, the record is devoid of evidence that Subsurface excavated Stegemann's property. The fact that excavation was mentioned in the GPR report is not evidence that Subsurface did the excavation. Nor is the fact that excavations occurred after Subsurface surveyed the property sufficient to raise a genuine issue of fact precluding summary judgment. Subsurface offered evidence that it did not excavate—and could not have excavated—and Stegemann offered no evidence to controvert these facts. Accordingly, summary judgment was properly granted in Subsurface's favor.

\* \* \*

13

We have considered all of Stegemann's remaining arguments and find them to be without

merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court