Denson v Donald J. Trump for President, Inc. (2022 NY Slip Op 03986)

Denson v Donald J. Trump for President, Inc.

2022 NY Slip Op 03986

Decided on June 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 21, 2022

Before: Gische, J.P., Friedman, González, Rodriguez, Pitt, JJ. 

Index No. 101616/17 Appeal No. 16167 Case No. 2022-00360 

[*1]Jessica Denson, Plaintiff-Appellant,
v
Donald J. Trump for President, Inc., Defendant-Respondent.

Bowles & Johnson PLLC, New York (David K. Bowles of counsel), for appellant.
LaRocca Hornik Rosen & Greenberg LLP, New York (Jared E. Blumetti of counsel), for respondent.

Order, Supreme Court, New York County (Francis Kahn, III, J.), entered on or about October 29, 2021, which denied plaintiff's motion for partial summary judgment on her claim alleging retaliation under the New York City Human Rights Law, unanimously affirmed, without costs.
The record fails to demonstrate conclusively that defendant commenced arbitration proceedings pursuant to the parties' non-disclosure, non-disparagement agreement (NDA) in retaliation for plaintiff's filing of a sex discrimination action (Administrative Code of City of NY § 8-107 [7]). Defendant submitted its chief operating officer's affidavit averring that it had a legitimate basis for compelling arbitration, i.e., that it in good faith believed plaintiff violated the NDA by making factual allegations that exceeded the facts necessary to state a viable claim (see Marchuk v Faruqi & Faruqi, LLP, 100 F Supp 3d 302, 312 [SD NY 2015]; Schanfield v Sojitz Corp. of Am., 663 F Supp 2d 305, 342-343 [SD NY 2009]), and plaintiff failed to submit evidence showing that this proffered reason was pretextual (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 46 [1st Dept 2011], lv denied 18 NY3d 811 [2012]).
Neither Denson v Donald J. Trump for President, Inc. (180 AD3d 446 [1st Dept 2020]) nor Denson v Donald J. Trump for President, Inc. (530 F Supp 3d 412 [SD NY 2021]) has preclusive effect. Neither decision made any findings with respect to the issue of defendant's motives for pursuing arbitration, and the retaliation claim did not arise solely from the transactions at issue in those prior proceedings (see Kahn v Taub, 47 AD3d 455, 456 [1st Dept 2008]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 21, 2022